**MORAINE PRODUCTS, INC., a corporation, Plaintiff,**

v.

**BLOCK DRUG COMPANY, Inc., a corporation, et al., Defendants.**

**Nos. 69 C 1471, 70 C 475.**

United States District Court,
N. D. Illinois, E. D.
Nov. 13, 1970.

Alvin D. Shulman, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for plaintiff.

Dugald S. McDougall and Theodore R. Scott, Chicago, Ill., for defendants.

## MEMORANDUM ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ROBSON, Chief Judge.

The defendants in this patent infringement action move for summary judgment. For the reasons stated below, this court is of the opinion the motion should be denied.

The patent in issue concerns a method of medical treatment for flatulency symptoms caused by gastro-intestinal disorders. The patented method includes the introduction of a pharmaceutical composition known generically as "simethicone" into the gastro-intestinal tract where it acts as an anti-foaming agent. It is undisputed that the inventor, Dr. Joseph A. Rider, administered the composition to certain of his private and clinic patients for more than a year prior to his application for the patent in issue. These patients obtained the simethicone composition from the pharmacy of the public medical clinic where Dr. Rider practiced medicine.

The patent laws bar patentability of inventions which have been subjected to public use for more than one year prior to the date a patent application is filed. 35 U.S.C. § 102(b). The defendants claim that Dr. Rider's use of the treatment method in question, and the clinic's sale of the pharmaceutical composition, constitute a public use which bars patentability as a matter of law. The plaintiff, however, contends that Dr. Rider's use of the treatment method was an experimental one to test its safety and efficacy, and that the clinic's sale of the simethicone composition was incidental to the experimental treatment in question. The statutory rule requiring seasonable disclosure of inventions is subject to an exception where a reasonable period of experimentation is involved. *Amphenol Corporation v. General Time Corporation,* 397 F.2d 431, 437 (7th Cir. 1968); *Koehring Company v. National Automatic Tool Company,* 362 F.2d 100, 103–104 (7th Cir. 1966); *George R. Churchill Company, Inc. v. American Buff Company et al.,* 365 F.2d 129, 133–134 (7th Cir. 1966).

Factual issues may not be decided in a motion for summary judgment; the court's duty is to determine whether there are any factual issues to be tried. Rule 56, Federal Rules of Civil Procedure; *Devex Corporation v. Houdaille Industries, Inc.,* 382 F.2d 17, 21 (7th Cir. 1967). Patent cases are rarely a proper subject for summary judgment because legal conclusions on issues of patent validity and infringement often rest upon complex and highly specialized evidence which must be interpreted by expert witnesses. *Ortman v. Stanray Corporation,* 371 F.2d 154, 156 (7th Cir. 1967).

A use for experimental purposes is not a public use barring patentability if it is conducted in good faith for the purpose of testing the qualities of the invention, and for no other purpose not incidental to the experimental purpose. *Cloud v. Standard Packaging Corp.,* 376 F.2d 384, 390 (7th Cir. 1967).

Whether or not Dr. Rider's use of the simethicone treatment method upon his patients was experimental is a question of fact. *E. g.*, McCullough Tool Company v. Well Surveys, Inc., 343 F.2d 381, 394 (10th Cir. 1965); Cline Electric Mfg. Co. v. Kohler, 27 F.2d 638, 641 (7th Cir. 1928). Similarly, whether or not the sale of the simethicone composition by the clinic's pharmacy was incidental to an experimental use is also a question of fact not properly resolved in a motion for summary judgment.

The defendants further move for summary judgment on the ground that the Rider patent was anticipated by an earlier patent application filed by W. H. Feinstone and assigned to the defendant Plough, Inc. The Patent Office expressly found the Rider patent to be patentable over the Feinstone invention as a prior art reference. The defendants' attack upon this finding by the Patent Office raises questions of fact which, as discussed above, are not appropriate for consideration in a motion for summary judgment. See Technograph Printed Circuits et al. v. Methode Electronics, Inc., 356 F.2d 442, 447 (7th Cir. 1966).

It is therefore ordered that the defendants' motion for summary judgment be, and it is hereby denied.